THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:05CR537 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOE H. WARD, III, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on the following motions by Defendant Joe H. Ward, III: (1) Motion for Disclosure of Government's Intention to Use Evidence (Doc. #152); (2) Motion for Disclosure of Witness List (Doc. #153); (3) Motion for Disclosure of Confidential Informant(s) and Information on Confidential Informant(s) (Doc. #154); (4) Motion for Disclosure/Reveal the Deal Made by the Government with any Witness Expected to Testify (Doc. #155); (5) Motion to Produce Interview Reports with Individuals who will not be Permitted to Testify as Witnesses at Trial (Doc. #156); and (6) Motion to Produce Government Witnesses for Defense Interviews (Doc. #157).The Court will discuss each below:

A. Motion for Disclosure of Government's Intention to Use Evidence (Doc. #152)

In this motion, Defendant is requesting that the Government be required to provide notice of its intent to use evidence in its case in chief. The Government has responded to the request and indicated that it will use audiotapes, videotapes, and controlled substances obtained during the investigation. Based on this, Defendant's Motion is DENIED as MOOT.

B. Motion for Disclosure of Witness List (Doc. #153)

Defendant's motion is an attempt to obtain that which he is not yet entitled - the disclosure of the identity of the Government's witnesses and informants. Rule 16(a)(2) of the Federal Rules of Criminal Procedure excludes from pretrial discovery: statements made by government witnesses or potential Government witnesses, except as provided under the Jenks Act, 18 U.S.C. § 3500, *et seq.* The Sixth Circuit has also ruled that Defendant is not entitled to pretrial disclosure of government witnesses or their criminal records. *United States v. Carter,* 621 F.2d 238 (6th Cir. 1980). For those reasons, Defendant's motion is DENIED.

C. Motion for Disclosure of Confidential Informant(s) and Information on Confidential Informant(s) (Doc. #154)

In his motion, Defendant requests the Government provide the following:

(1) The names of any and all reporting persons, informants, or witnesses providing information to law enforcement regarding this case. . . . ;
(2) Any and all promises of payment written or oral made to such persons as part of this or any other case in which they have provided information;
(3) All promises of any other benefit written or oral made to such persons;
(4) All promises of immunity, leniency, preferential treatment or other inducements made to such persons as part of this case or any other case in which they have provided information;
(5) All writings or memoranda which contain any of the promises of renumneration, leniency, immunity, preferential treatment or other inducements made;
(6) Any record of payment of local, state or federal funds made to such persons;
(7) All information regarding any such person's prior testimony in this or any other proceeding in which they have acted as a witness and/or informant. . . . ; and
(8) All evidence of such person's psychiatric treatment, if any, or any addiction or propensity to use or abuse controlled substances. . . . .

(Doc. #154)

Under *Rovario v. United States,* 353 U.S. 53 (1957), the Supreme Court stated that there is a privilege to obtaining an informant's identity when it "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* at 60-61. However, there is no "fixed rule" and the determination of whether this information is properly disclosed depends on the "particular circumstances of each case, taking into consideration the crime charged, the possible defense, the possible significance of the informant's testimony and other relevant factors." *Id.* at 62. In this situation it is Defendant's burden to establish the need for the disclosure. *In Re United States,* 565 F.2d 19, 23 (2d Cir. 1977), *cert. denied,* 436 U.S. 962 (1978); *United States v. Pruett,* 540 F.2d 1004 (9th Cir. 1976), *cert. denied*, 429 U.S. 1063 (1977). Just merely requesting a confidential informant's identity is insufficient to receive disclosure. *United States v. Mainello,* 345 F.Supp. 863, 881-82 (E.D.N.Y. 1972).

Defendant has set forth no reason for the need for disclosure. As such, it is determined that Defendant's motion is not well-taken and is therefore DENIED.

D. Motion for Disclosure / Reveal the Deal Made by the Government with any Witness Expected to Testify (Doc. #155)

In this motion, Defendant is requesting that the Government be required to provide the names of all cooperating witnesses and any deals that have been made with them regarding their testimony. It is determined that Defendant's motion is well-taken and therefore GRANTED. The Government shall reveal any agreement between itself and its witnesses prior to their testifying before this Court.

E. Motion to Produce Interview Reports with Individuals who will not be Permitted to Testify as Witnesses at Trial (Doc. #156)

Defendant's motion is DENIED subject to the Government's obligation to produce Brady Material.

F.  Motion to Interview Potential Government Witnesses (Doc. #157)

As a general rule, a witness belongs neither to the government nor to the defense. Both sides have a right to interview witnesses before trial. No provision for disclosing the names and addresses of government witnesses is included in Federal Rule of Criminal Procedure 16. Additionally, the Government has no duty to present its witnesses for interviews. Its duty is simply not to deny access. *United States v. Pepe,* 747 F.2d 632 (11th Cir. 1984). As such, Defendant's motion is DENIED.

So ordered.

_____s/ Judge John R. Adams_____
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT